[Docket No. 8]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CARLA ROMAN,<br>appearing *pro se*,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>DISCOVER BANK,<br>improperly designated as Discover,<br>Discover Credit Card Company,<br>Discover Personal Loans, Discover<br>Bank,<br><br>　　Defendant. | Civil No. 21-18538 (RMB-SAK)<br><br>**OPINION** |

**APPEARANCES**
William P. Reiley, Esq.
Ballard Spahr, LLP
700 Eastgate Drive, Suite 330
Mt. Laurel, New Jersey 08054-0015

*On behalf of Defendant*

**BUMB, U.S. District Judge**

　　This matter comes before the Court upon the unopposed Motion to Dismiss

the Complaint by Defendant Discover Bank ("Discover" or "Defendant"),

improperly designated in the Complaint as "Discover, Discover Credit Card

Company, Discover Personal Loans, Discover Bank." [Docket No. 1, Exhibit A ("Complaint") at 1.] In its supporting brief, Defendant sets forth the relevant legal authority that provides for the dismissal of the claims in Plaintiff Carla Roman's ("Plaintiff's" or "Roman's") six-count Complaint. Accordingly, and as explained below in greater detail, the Court shall dismiss the Complaint with prejudice.

I. **BACKGROUND**

Plaintiff initiated the present action upon filing the Complaint with the Superior Court of New Jersey (Burlington County, Civil Division) on August 23, 2021, alleging the following six (6) state and federal statutory claims for unlawful debt collection practices:  Count One alleges that Defendant violated the notice requirement under Section 7A of the New Jersey Fair Debt Collection Practices Act ("NJFDCPA") [Complaint at 3–4]; Count Two alleges that Defendant violated NJFDCPA Section 8A's requirement that debt collectors not engage in unethical or misleading practices in collecting debts [*Id.* at 4]; Count Three alleges that Defendant violated Section 807 of the federal Fair Debt Collection Practices Act ("FDCPA") by engaging in false or misleading representations [*Id.* at 4–7]; Count Four alleges that Defendant violated Section 808 of the FDCPA by engaging in unconscionable means of collecting debts [*Id.* at 7–8]; Count Five alleges that Defendant violated Section 809 of the FDCPA by failing to send debtor a written notice [*Id.* at 8–9]; and Count Six alleges that Defendant violated Section 812 of the FDCPA by allegedly furnishing deceptive and/or misleading forms [*Id.* at 9–10].

More generally, Roman alleges that "despite [making] numerous complaints, Discover opened a personal loan in 2020 in the Plaintiff's name without her consent and would not respond to her correspondences attempting [to] correct the matter and reclaim funds taken from her bank account." [Complaint at 2.] Roman further alleges that Discover took thousands of dollars from her personal bank account for over a year and a half "as she attempted to find a reasonable solution to the matter." [*Id.*] On October 13, 2021, Discover removed this action to this Court, invoking the Court's federal question subject matter jurisdiction. [Docket No. 1.] Discover filed the pending Motion to Dismiss the Complaint on November 2, 2021. [Docket No. 8.]

II.  **JURISDICTION**

This Court is satisfied that it has original subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1441(a) because it arises, in relevant part, under the laws of the United States, specifically, the Fair Debt Collection Practices Act. This Court is also satisfied that venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) given that Defendant is a resident of this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

III.  **LEGAL STANDARD**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d

Cir. 2005). It is well-settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (*first citing Conley v. Gibson*, 355 U.S. 41, 47 (1957); *then citing Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994); *and then citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 563 n.8 (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Malleus*, 641 F.3d at 563 (*quoting Twombly*, 550 U.S. at 570).

IV. **ANALYSIS**

Discover makes two main arguments in support of its pending motion. First, it contends that it is neither a "debt collector" nor a "collection agency" under the applicable federal and state statutes that provide the basis for each of the causes of action set forth in Plaintiff's Complaint. [Docket No. 8-1 ("Defendant's Brief"), at 4–6.] Second, Discover asserts that the FDCPA "does not focus on the validity of the underlying debt," meaning that the legitimacy of the loan is immaterial to Plaintiff's Claims. [Defendant's Brief at 6.] The Court addresses each argument below in turn.

    A.    **Plaintiff Fails to Allege a Plausible Claim Under the Federal Fair Debt Collection Practices Act**

The Court agrees with Discover that in light of Plaintiff's specific allegations against it, it should be considered a creditor and not a debt collector under applicable

5

federal law. Indeed, Defendant correctly notes that the FDCPA does not apply to the original holders of a debt (*i.e.*, creditors). [Defendant's Brief at 4; *citing* 15 U.S.C.A. §§1692a(6)(A)f, (F)(ii)–(iii) (stating that the term "debt collector" does not apply to activity that "concerns a debt which was originated by such a person").] The parties do not dispute that Discover is the original creditor of the underlying debt/loan made to Plaintiff. Consequently, the Court finds that Plaintiff's claims under the FDCPA must fail. *See Henson v. Santander Consumer USA. Inc.*, 137 U.S. 1718, 1721-1722 (2017) (explaining that original creditors are not bound by the FDCPA); *see also Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 389 (3d. Cir. 2000) (not precedential) (noting that the original holder of a debt is not considered a debt collector). Even viewing the facts in a light most favorable to Plaintiff, the Court finds that her FDCPA claims—Counts Three, Four, Five, and Six—cannot survive.

> B. **Plaintiff Fails to Allege a Plausible Claim Under the New Jersey Fair Debt Collection Practices Act**

Defendants also correctly argue that the NJFDCPA expressly excludes banks from its restrictions. The statute explicitly states that it does not apply to any "bank…duly incorporated under the law." N.J.S.A. § 45:18-6. As a result, the Court finds that Plaintiff's claims must also fail under the NJFDCPA. Because Discover is an incorporated bank, the Court finds that it falls squarely within the NJFDCPA's bank exception. Thus, Plaintiff's claims under the NJFDCPA—Counts One and Two—cannot survive Defendant's motion.

    C.    **The Legitimacy of the Underlying Debt is Irrelevant to Deciding Plaintiff's Claim**

As stated above, Plaintiff's six-count Complaint is limited to claims under the FDCPA and the NJFDCPA, and the Court has determined that Plaintiff is unable to make out a plausible claim under either statute based on the facts alleged in her Complaint. *Infra.* § 4(A)–(B). This being said, the Court is also persuaded by the third argument raised by Discover in its supporting brief and agrees that the legitimacy of the underlying debt is irrelevant to deciding Plaintiff's claims. While the FDCPA does state that debt collectors must provide a debtor the opportunity to validate his or her debt, this fact is irrelevant because Discover is not a debt collector. 15 U.S.C.A. § 1692g. Since Discover is subject to neither the NJFDCPA nor the FDCPA, Roman's allegations concerning the legitimacy of the underlying debt Discover allegedly issued in Plaintiff's name are irrelevant to deciding the claims presently before the Court.

V.    **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss [Docket No. 8-1] shall be granted. However, the Court is mindful that "[t]he obligation to liberally construe a pro se litigant's pleadings is well-established." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citations omitted). In the present case, the Court is easily able to discern the causes of action Plaintiff is pursuing in her six-count Complaint, which is limited to statutory claims under the FDCPA and the NJFDCPA. However, if Plaintiff believes that the Court

has misconstrued any of her claims, she shall file a Motion for Reconsideration within fourteen (14) days—unless extended by the Court for good cause—consistent with the requirements of Local Rule 7.1(i), setting forth (1) what cause(s) of action she is alleging that she believes the Court has overlooked, and (2) the basis for the Court's subject matter jurisdiction over any such claim(s). An accompanying Order as of today's date shall issue.

Date: June 15, 2022                             s/Renée Marie Bumb
                                                Renée Marie Bumb
                                                U.S. District Judge